IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON CONWAY, Individually and On Behalf of All Similarly Situated Persons,<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-0761 |
| JPH HOLDINGS, LLC, d/b/a JPH TEXAS HOLDINGS, LLC, d/b/a JP SERVICES, d/b/a JP HYDRO SERVICES and d/b/a JP HYDRO, PETER FAMILY PROPERTIES, LLC, f/k/a JP HYDRO, LLC and JUSTIN PETER<br>  Defendants. | §<br><br><br><br><br><br>§ | <br><br><br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Jayson Conway and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Jayson Conway ("Conway") a former employee of Defendants, is and was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant, JPH Holdings, LLC ("JPH") is a Delaware limited liability company and is an "employer" as that term is defined by the FLSA that does business in Texas under the assumed names of JPH Texas Holdings, LLC, JP Services, JP Hydro Services and JP Hydro. With respect to Plaintiff and Members of the Class, JPH is subject to the provisions of the FLSA. JPH was at all relevant times an enterprise engaged in commerce or in the production of goods

for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant JPH may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Defendant, Peter Family Properties, LLC, f/k/a JP Hydro, LLC ("PFP") is a Texas limited liability company and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, PFP is subject to the provisions of the FLSA. PFP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant PFP may be served through its registered agent, Justin Peter, 79 Sawdust Road, Suite 318, Spring, Texas 77380, or wherever he may be found.

4. Defendant Justin Peter ("Peter") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Peter is subject to the provisions of the FLSA. Peter was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. Peter was the person who determined and directly controlled the employee compensation policies of JPH and PFP. Defendant Peter may be served with process at 79 Sawdust Road, Suite 318, Spring, Texas 77380, or wherever he may be found.

## Jurisdiction and Venue

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business

engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Specifically, Plaintiff traveled on interstate highways in the performance of his duties, used interstate communications and traveled to other states in the performance of his duties. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

6. Upon information and believe, Plaintiff Jayson Conway worked first for PFP and then for JPH (the former name of PFP and the dbas of JPH are similar/identical) from 2014 until November 10, 2016. Conway's duties included, but were not limited to, supervising the company's jobs and making sure they were being done properly, pipeline cleaning, hydro testing, nitrogen and air testing, and cleaning and maintaining the company yard. Plaintiff worked at various locations as assigned by Defendants. Plaintiff was provided with a company vehicle and all of the necessary tools, as well as the instructions needed to fulfill his job duties.

7. For all time worked during the three-year preceding the filing of this lawsuit, ("Relevant Time Period"), Plaintiff was paid on a salary basis and was also paid a day rate ("bonus"), but was not paid an overtime premium for hours worked over 40 in a workweek.

8. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

9. Defendant Peter is an owner of PFP and JPH and controlled the manner in which Plaintiff and his co-workers were paid and controlled the work that they performed. Peter was the individual who determined that Conway and his co-workers would not be paid overtime compensation.

10. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

11. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Plaintiff's Individual Allegations

12. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in every workweek that he worked over 40 hours, which was many of the weeks Plaintiff worked for Defendants. During the times that he was in the field, and on-site at locations, Plaintiff often worked in excess of 70 hours per week.

13. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. Thus the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

14. Other employees have been victimized by the Defendants' pay practices and policies. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants made a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but paid several different categories of employees on the same basis: salary plus a day-rate.

15. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

16. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

17. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

18. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

19. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed by Defendants JPH Holdings, LLC, JP Hydro, LLC, Justin Peter and Peter Family Properties, LLC who were paid on an salary plus day-rate or bonus basis during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

## Violation of the FLSA – Failure to Pay Overtime Wages Owed

20. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

21. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

22. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

23. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by JPH Holdings, LLC, JP Hydro, LLC, Justin Peter and Peter Family Properties, LLC on a salary and day-rate or bonus basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**COUNSEL FOR PLAINTIFF**
**JAYSON CONWAY**