IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON CONWAY, *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00761 |
| JPH HOLDINGS, LLC, *et al.*, *Defendants*. | § § § § | |

## ORDER

The Court has before it the Motion for Summary Judgment filed by all of the Defendants (Doc. No. 18) based on a variety of reasons as well as the Plaintiff's Response (Doc. No. 21) thereto and the Defendants' Reply (Doc. No. 23). It also has pending Plaintiff's Partial Motion for Summary Judgment (Doc. No. 19) concerning the calculation of damages as well as Defendants' Response (Doc. No. 20) and Plaintiff's Reply thereto (Doc. No. 22). The Court having considered the various motions, responses, replies, and the corresponding summary judgment evidence hereby grants in part and denies in part Defendants' Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

### I.

Jayson Conway ("Plaintiff" or "Conway") was a Hydrostatic Technician or a superintendent, depending on which party is doing the describing, at JPH Holdings LLC (d/b/a JPH Texas Holdings LLC d/b/a JP Services d/b/a JP Hydro Services and d/b/a JP Hydro) (hereinafter "JPH") in the oilfield services industry. His title and job duties are one of many contested facts in this lawsuit. Plaintiff has also sued Peter Family Properties, LLC f/k/a JP Hydro, LLC and Justin Peter, individually. While the parties dispute his job duties and day to day work activities, both agree that he worked quite often in the field (as opposed to the corporate office)

and that he and his fellow workers were involved in hydrostatic testing. These duties might include such tasks as filling a pipeline with fluid and then taking various measurements.

Conway claims that he worked for all of the named defendants from November of 2014 to October 24, 2016, when he was discharged. During that time period he maintains that he routinely worked overtime and was not appropriately compensated for that overtime as required by the Fair Labor Standards Act ("FLSA").

Defendants contend that Conway was an exempt employee and thus was not subject to the FLSA. They claim that he was exempt as an administrative employee and/or because he was a highly compensated employee. Consequently, the focus of JPH's motion is its request that this Court hold as a matter of law that Conway was exempted from coverage under the FLSA.

## II.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the Court should not grant the motion. *Celotex Corp.*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all

reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255.

## III.

The facts in this case and the characterization of Plaintiff's job duties and responsibilities are clearly contested. That being the case, Plaintiff claims that the present case ought to be controlled by *Dewan v. M-I LLC*, 858 F.3d 331 (5th Cir. 2017). The Fifth Circuit in *Dewan* reversed a summary judgment granted by this Court's predecessor on very similar facts. That case also involved oilfield service workers (mud engineers) claiming the lack of overtime and claims by the employer that the plaintiffs were exempt under the administrative exemption. 29 U.S.C. 231(a)(1). The District Court ruled as a matter of law the employees were exempt.

The Fifth Circuit described the summary judgment granted by the District Court as follows:

> The district court concluded that the matter of significance over which the plaintiffs exercised the requisite discretion and independent judgment was the "quality control of the condition of the mud...." The district court determined that Dewan and Casey's primary duty "involved first determining the condition of the mud in various locations admittedly through a variety of fairly standard tests" and then deciding "which of various additives and treatments of the mud or what tradeoffs would optimize drilling performance...." In effect, the court reasoned that the engineers evaluated alternate courses of action and thereby satisfied the need for exercising "discretion and independent judgment," which the relevant regulation describes as "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." § 541.202(a).
>
> The district court also found that the plaintiffs' work affected M-I's operating procedures, which is one of the non-exhaustive factors the regulations identify. The court based its determination on the fact that although plaintiffs "strove to stay within the parameters of the mud plans created by engineers in M-I's offices, they could deviate from or go outside of those parameters when conditions required them to" do so.

*Id.* at 338–339.

The Circuit panel did not express a sharp disagreement with the District Court's analysis.

3

Nevertheless, it reversed the summary judgment, stating:

> This limited factual record could reasonably be interpreted to provide two different understandings of the scope of the plaintiffs' discretionary authority and independent judgment. This is evidence that must be weighed by a jury. Notably, a vast majority of this contrary evidence comes from the plaintiffs' own testimony. "To the extent the testimony of a witness who is also a party may be impaired by party self-interest, it is ordinarily the role of the jury—not the court on summary judgment—to discount it accordingly." *Johnson v. Perez*, 823 F.3d 701, 710 (D.C. Cir. 2016). This is such a case.
>
> However close the determination may be, M-I has not established its affirmative defense beyond peradventure. *See Smith*, 827 F.3d at 420 n.4.

*Id.* at 340.

While this Court finds the evidence put forth by the defendants to be compelling, it cannot say that this defense has been proven "beyond peradventure."[1] The motion for summary judgment of the JAH entities is denied.

## IV.

Defendants also moved for summary judgment on behalf of Peter Family Properties, LLC and Justin Peter. They maintain that neither ever employed the Plaintiff and that neither was involved in any meaningful way in the decisions concerning Conway's employment status or compensation structure. Plaintiff has not contested this part of the motion and has not come forward with any summary judgment evidence that raise a question of material fact on this topic.

Therefore, this Court grants the Motion for Summary Judgment as to Justin Peter and Peter Family Properties, LLC (f/k/a JP Hydro, LLC).

---

[1] Indeed, this Court has never said "peradventure" in any opinion.

# V.

Plaintiff's Partial Motion for Summary Judgment is aimed not at either liability or causation, but instead addresses how damages should be calculated. The Plaintiff wants this Court to enter an order as follows:

> In the trial of this cause, accordingly, should liability be found, damages are to be calculated by the "half-time" formula, also known as the "fluctuating workweek method," for the period of Plaintiff's employment until January of 2016, and thenceforth, through the rest of his employment, calculated according to the standard "time and a half" formula.

(Doc. No. 19-4).

Defendants claim "that Conway and JPH had a clear understanding that JPH was paying Conway a fixed salary for all hours worked" (Doc. No. 20) and therefore the fluctuating work week basis should be used to determine Conway's overtime if he is not found to be an exempt employee.

This Court finds as an initial matter that damages in a FLSA case are a matter of law for the Court to decide. *Olibas v. Barclay*, 838 F.3d 442, 451 (5th Cir. 2016) ("[T]he proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law to be determined by the Court.") (internal citations omitted). Nevertheless, this Court understands that the facts surrounding the employment situation could dictate how an employee should be compensated. That being the case this Court finds Plaintiff's Motion to be premature and a request for an advisory opinion by the Court before the Court has heard the evidence. As such this Court denies the Plaintiff's Motion without prejudice to raising the issue at the appropriate time in trial.

## VI.

This Court grants the Motion for Summary Judgment (Doc. No. 18) in favor of Justin Peter and Peter Family Properties, LLC f/k/a JP Hydro, LLC. It denies the remainder of the Defendants' motion (Doc. No. 18). It denies the Plaintiff's Motion for Partial Judgment (Doc. No. 19) without prejudice to either side to raise the appropriate FLSA compensation standard at trial.

SIGNED at Houston, Texas this 11th day of January, 2019.

Andrew S. Hanen
United States District Court Judge